IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE MATTHEW MCKINLEY, | ) | 8:09CV371 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA POLICE DEPARTMENT, | ) | |
| RECH, Officer, #1553, and | ) | |
| ANDERSON, Officer, #1948, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 13, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on October 13, 2009, against the Omaha Police Department and two individual Omaha police officers, Rech and Anderson. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is not currently incarcerated. (Filing Nos. 6 and 7.)

Condensed and summarized, Plaintiff alleges Rech and Anderson stopped him while he was walking. (Filing No. 1 at CM/ECF pp. 5, 11.) As he was being stopped, Plaintiff "threw down something [he] did not want [the police] to find" and "walked up to the" police cruiser. (*Id*.) The police then searched Plaintiff and informed him that they were going to put him "in the back of the cruiser" until they could figure things out. (*Id*.) Plaintiff then decided to run. (*Id*.) The police pursued and "tackled" Plaintiff, "kneed [him] in the forhead [sic]," stomped his "head into the ground," and choked him. (*Id*. at CM/ECF p. 6.) Plaintiff now has "back pain,"

"neck pain" and "constant headaches." (*Id*. at CM/ECF p. 7.) Plaintiff seeks $5,000,000.00 in monetary damages. (*Id*. at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Claims Against the Omaha Police Department

Plaintiff names the Omaha Police Department as Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court liberally construes claims against the

2

Omaha Police Department as claims against the City of Omaha. As a municipal defendant, the City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the Omaha Police Department, or that the City of Omaha's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has not alleged sufficient facts to "nudge" his claim against the Omaha

3

Police Department across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against the City of Omaha and to sufficiently allege a claim in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against the Omaha Police Department will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

  B. *Plaintiff's Excessive Force Claims Against Rech and Anderson*

The court liberally construes Plaintiff's Complaint to allege an excessive force claim under the Fourth Amendment against Rech and Anderson. The Fourth Amendment's right to freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Littrell v. Franklin*, 388 F.3d 578, 583-84 (8th Cir. 2004). To prevail on a claim under the Fourth Amendment relating to excessive force during an arrest, a plaintiff must show that "the amount of force used was objectively [un]reasonable under the particular circumstances." *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). "Reasonableness" must be:

> [J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The Supreme Court has instructed, the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular

4

situation. . . . Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. In addition to the circumstances surrounding the use of force, we may also consider the result of the force.

*Littrell*, 388 F.3d at 583-84 (citations and quotations omitted).

Here, Plaintiff alleges Defendants Rech and Anderson "tackled" him, "kneed [him] in the forhead [sic]," stomped his "head into the ground," and choked him. (Filing No. 1 at CM/ECF p. 6.) Because of these acts, Plaintiff now has "back pain," "neck pain" and "constant headaches." (*Id*. at CM/ECF p. 7.) The court finds that these allegations are sufficient to nudge Plaintiff's excessive force claims against Rech and Anderson across the line from conceivable to plausible. As a result, Plaintiff's excessive force claims against Rech and Anderson may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's excessive force claims against Rech and Anderson may proceed. However, no summonses will be issued until Plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

2. Plaintiff shall have until **January 11, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against the Omaha Police Department, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against the Omaha Police Department will be dismissed without further notice for failure to state a claim upon which relief may

be granted, and summonses will be issued for Plaintiff's excessive force claims against Rech and Anderson only.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **January 11, 2010**.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

December 11, 2009.                    BY THE COURT:

                                      *Richard G. Kopf*
                                      United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.