IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE MATTHEW MCKINLEY, | ) | 8:09CV371 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RECH, Officer, #1553, and | ) | |
| ANDERSON, Officer, #1948, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On December 11, 2009, the court conducted a detailed initial review of Plaintiff's Complaint and determined that Plaintiff's excessive force claims against Defendants Rech and Anderson could proceed, and also permitted Plaintiff an opportunity to amend his Complaint in order to clearly state a claim upon which relief may be granted against Defendant Omaha Police Department. (Filing No. 10.)

    Plaintiff filed an Amended Complaint on January 8, 2010, and did not name Omaha Police Department as a defendant. (Filing No. 11.) Therefore, service of process may occur on Defendant Rech and Defendant Anderson only as set forth in this Memorandum and Order and in the court's December 11, 2009, Memorandum and Order.[1] Plaintiff's claims against Omaha Police Department are dismissed.

---

[1] In Plaintiff's Amended Complaint, he asks the court to "punish the two officers [who] violated [his] civil and constitutional rights." (Filing No. 11 at CM/ECF p. 5.) However, this is not a form of relief that the court can provide. Therefore, the court will read Plaintiff's original Complaint, where he sought $5,000,000 of monetary damages, together with his Amended Complaint with respect to the issue of damages. *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading").

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Omaha Police Department are dismissed.

2. This matter will only proceed on Plaintiff's claims against Defendant Rech and Defendant Anderson.

3. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this

matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

      7.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**June 10, 2010:**  Check for completion of service of summons."

      8.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

February 10, 2010.            BY THE COURT:

                                    *Richard G. Kopf*
                                    United States District Judge

---

     \*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.